# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JERRY MICHAEL FUENTEZ<br><br>Defendant. | Case No. 1:24-cv-00466-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 35) |

Construction Laborers Trust Funds for Southern California Administrative Company filed this action on December 5, 2023 in the Central District of California (Doc. 1) and filed their proof of service soon thereafter. (Doc. 10.) When the defendant did not make an appearance or timely respond to the complaint. The plaintiff filed a request for entry of default. (Doc. 13.) The Clerk of the Court entered default. (Doc. 14.) The plaintiff then filed a motion for default judgment (Doc. 16.) and the Defendant did not oppose or respond to the motion. On April 18, 2024, the matter was transferred to this Court. (Doc. 19.)

The assigned magistrate judge set a hearing on the motion for default judgment and directed Plaintiff to serve on Defendant a copy of the minute order setting the hearing. (Doc. 27.) The plaintiff complied. (Docs. 28-29.) Despite this, the defendant did not appear. (*Id*.) After hearing argument, the magistrate judge directed Plaintiff to file supplemental briefing. (Docs. 30-

1  31.)  The Court directed Plaintiff to serve on Defendant a copy of its order and a copy of

2  Plaintiff's supplemental briefing (Doc. 31), and the plaintiff complied (Doc. 32.)

3        Plaintiff filed a supplemental brief in further support of its motion for default judgment

4  and a motion for attorneys' fees and costs in compliance with Local Rule 293.  (Doc. 33.)

5  Plaintiff also filed proof that the supplemental briefing and motion for attorneys' fees and costs

6  were served on Defendant.  (*Id*. at 13.)

7        The magistrate judge issued findings and recommendations that Plaintiff's motion for

8  default judgment be granted.  (Doc. 35.)  The magistrate judge found that Plaintiff had established

9  that the defendant breached a valid contract and violated Section 515 of the Employee Retirement

10  Income Security Act of 1974.  (*Id*. at 12-14.)  The magistrate judge also found Plaintiff was due

11  $103,977.13 in damages and that specific performance compelling an audit was appropriate.  (*Id*.

12  at 19-27.)  Plaintiff served the findings and recommendations on Defendant by U.S. Mail on

13  September 9, 2024.  (Doc. 36).  No party filed an objection or any other response to the findings

14  and recommendations, and the deadline to do so has passed.

15        Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo*

16  review of this case.  Having carefully reviewed the entire matter, this Court concludes the

17  findings and recommendations are supported by the record and by proper analysis.  Thus, the

18  Court **ORDERS**:

19    1. The September 4, 2024 findings and recommendations (Doc. 35) are **ADOPTED IN**

20       **FULL**.

21    2. Plaintiff's motion for default judgment (Doc. 16) is **GRANTED**.

22    3. The Clerk of Court shall **ENTER JUDGMENT** in favor of Plaintiff Construction

23       Laborers Trust Funds for Southern California Administrative Company and the Trust

24       Funds it represents and against Defendant Jerry Michael Fuentez, an individual doing

25       business as Kern County Custom Concrete, as follows:

26        a. Defendant shall pay Plaintiff $103,977.13 for unpaid fringe benefit contributions

27          and related damages due for the period November 2019 through February 2021,

28

consisting of a principal amount (monthly contributions and subcontracting violations) of $78,367.22, attorneys' fees of $24,893.00 and costs of $716.91.

4. The monetary judgment issued in paragraph 3 above shall not, and does not, have res judicata effect, operate as a bar, or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including Plaintiff on behalf of the Trust Funds or any individual Trust Fund) to determine and collect any amounts due by Defendant for months after February 2021 under his name, the fictitious business name of Kern County Custom Concrete, or any other name.

5. Defendant and his managing officers, managing employees, agents, and successors, as well as all those in active concert or participation with any one or more of them, shall submit to a full audit of Defendant for the period November 2019 through February 2021, and fully cooperate with Plaintiff and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds by Defendant and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to Plaintiff and the Trust Funds the following payroll and business records – and any other records determined by Plaintiff or the Trust Funds to be necessary to conduct a full audit – for inspection, examination, and copying:

   a. All of Defendant's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by Defendant, his employees, his subcontractors, his lower-tier subcontractors and the employees of Defendant's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll checkbooks and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for Defendant, his subcontractors or lower-tier subcontractors, or which might be relevant to a

determination of the projects on which Defendant, his employees, his subcontractors, lower-tier subcontractors or the employees of his subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

b. All of Defendant's job files for each contract, project, or job on which Defendant, his employees, his subcontractors, his lower-tier subcontractors or the employees of his subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements, and contracts between Defendant and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of Defendant's employees, his subcontractors, his lower-tier subcontractors or the employees of his subcontractors and lower-tier subcontractors, or the projects on which Defendant, his employees, his subcontractors, his lower-tier subcontractors or the employees of his subcontractors or lower-tier subcontractors performed work;

c. All of Defendant's records related to cash receipts, including but not limited to Defendant's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers, and billing invoices for all contracts, projects, and jobs on which Defendant, his employees, his subcontractors, his lower-tier subcontractors or the employees of his subcontractors or lower-tier subcontractors performed work;

d. All of Defendant's bank statements, including but not limited to those for all checking, savings and investment accounts;

e. All of Defendant's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers, and all other records which indicate disbursements;

4

      f.  All collective bargaining agreements between Defendant and any trade union, and all records of contributions by Defendant to any trade union trust fund; and

      g.  All records related to the formation, licensing, renewal, or operation of Defendant.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 22, 2024**

                                                              UNITED STATES DISTRICT JUDGE